**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION**

| | |
|---|---|
| Kathy Bonner, ) | Civil Action No. 6:05-1502-RBH |
| ) | |
| Plaintiff, ) | |
| vs. ) | |
| ) | |
| Jo Anne B. Barnhart, ) | **ORDER** |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("R&R") made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 (D.S.C.).

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

<u>Wallace v. Housing Auth. of the City of Columbia</u>, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

The plaintiff brought this action pursuant to 42 U.S.C. § 405(g), to obtain judicial review of a final decision by the Commissioner of Social Security which denied plaintiff's claim for disability insurance benefits ("DIB") under Title II of the Social Security Act. The Magistrate Judge to whom this matter was referred filed an R&R on November 14, 2005, recommending that this case be dismissed as it appears the plaintiff no longer wishes to pursue this matter. The Magistrate Judge explains that

the Complaint in this case was filed on May 23, 2005, and service was due by September 21, 2005. On October 14, 2005, more than three weeks after the service deadline, the plaintiff filed a motion for an extension of time to serve the Complaint. The Magistrate Judge states that the motion was denied on October 19, 2005, with the right to refile, based on the plaintiff's failure to comply with Rule 4(m) of the Federal Rules of Civil Procedure, which requires a showing of good cause for failure to timely serve.[1]

The plaintiff filed objections to the Magistrate Judge's Report and Recommendation on November 23, 2005. In the objections, Plaintiff's counsel indicates that she mistakenly believed that because this District has implemented the CM/ECF system, the Complaint would be automatically served electronically on the defendant. The plaintiff states that the defendant has now been properly served and there has been no prejudice to the parties involved. This court finds that the plaintiff's explanation for the failure to serve within the prescribed time constitutes good cause under Rule 4(m), however, the plaintiff should have provided this explanation to the Magistrate Judge when the motion for an extension of time to serve was initially filed. Moreover, as stated above, when the Magistrate Judge denied the motion for an extension of time to serve, he provided the plaintiff with the right to refile and provide a reason showing good cause to grant it. Obviously, the plaintiff did not pursue this option and after the Magistrate Judge waited approximately one month he filed the R&R at issue. This court finds that when the plaintiff acquiesced to provide an explanation for her failure to timely serve the Complaint until she filed objections to the R&R, such was inefficient and a waste of judicial resources. However, as stated above, the court does agree that good cause has now been shown under

---

[1] This court notes that the plaintiff provided no reason at all for the request of an extension of time to serve the Complaint.

Rule 4(m), the defendants have now been properly served, and there has been no prejudice to the parties involved.

Therefore, this court respectfully rejects the Magistrate Judge's recommendation and recommits the matter to him for continued handling of this case.

**IT IS SO ORDERED.**

      s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

December 28, 2005
Florence, South Carolina